EASTERN DIST.
February, 1837.

BARRAGON
vs.
LA. STEAM
TOW-BOAT CO.

The appeal, therefore, must be dismissed.

---

BARRAGON vs. LOUISIANA STEAM TOW-BOAT COMPANY.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

A tow-boat will not be liable for injury sustained by the collision of two ships she was about taking in tow, when the fault was in the manner the crew of one of the ships, which was dropping down stream, executed the manœuvre, and when the tow-boat was incapable of preventing the accident.

The plaintiff alleges, that in July, 1835, the brig Fenix being ready for sea, engaged the defendant's tow-boat, the Whale, to take her to the Balize; that said boat ordered a large ship, (Girard,) lying two tiers above the brig, to drop down, and take place on the larboard side of the tow-boat, and that, while performing this manœuvre, the ship and steam-boat not having taken, in time, sufficient measures to check and make fast the Girard, the latter vessel fell astern of her, and finally drove broadside against the Fenix, and done her great injury, to the amount of four hundred and ninety-eight dollars and seventy-seven cents, for which he alleges the defendants are liable, and for which he prays judgment.

The defendants admitted their corporate capacity, as alleged, and that they were the owners of the tow-boat Whale, at the time of the alleged accident; but deny all the other allegations, and especially any liability, &c.

Upon these pleadings and issues, the parties went to trial before the court. A survey of the vessel, by the port wardens, was had, and their report produced in evidence. Testimony was produced, showing the manner of the collision

EASTERN DIST. between the two vessels, from all of which the district judge
*February*, 1837. concluded, that the accident, and injury sustained, was not

BARRAGON by the fault of the defendants. Judgment being rendered in
.*vs.*
LA. STEAM their favor, the plaintiff appealed.
TOW-BOAT CO.

Canon, for the plaintiff.

*G. B. Duncan, contra.*

*Bullard, J.,* delivered the opinion of the court.

This case has been submitted to us without argument on
either side. It is an action for damages, alleged to have
been occasioned by the fault of the defendants' agent, while
in the performance of a contract to tow a brig, belonging to
the plaintiff, from the port of New-Orleans to the Balize.
The immediate cause of the damage appears to have been
this : The ship Girard, which was to have been towed at
the same time, while dropping down stream to get abreast of
the brig, which had been placed a tier or two below, took a
sudden sheer, and ran foul of the Fenix. The tow-boat had
A tow-boat will at first started to bring down the Girard, by force of steam;
not be liable for
injury sustained but, from an impression that she was aground, it was con-
by the collision cluded to adopt a different course, and the Girard was
of two ships she
was about taking ordered to drop down stream, along side of the Fenix. This
in tow, when the
fault was in the change of manœuvre cannot, in our opinion, be imputed to
manner the crew the defendants, as a fault for which they are liable in
of one of the
ships, which was damages, inasmuch as it appears to be quite common, and
dropping down
stream, executed considered safe, to drop vessels down under such circum-
the manœuvre, stances. The fault seems to have been in the manner in
and when the
tow-boat was in- which the manœuvre was executed by the crew of the
capable of pre-
venting the Girard, at a time when the steam-boat was incapable of pre-
accident. venting the accident. We, therefore, concur with the court
below, in the conclusion that the defendants are not liable.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be affirmed, with costs.